### MINOR & DALLAM *v.* SMALLWOOD & QUERRY, ETC.

**Injunction—Cannot Afford Relief Against Non-resident—Proceedings in rem—Personal Judgment.**

> As Moore was absent and actual process on him not obtainable, a personal judgment against him could not be rendered. The only

mode by which appellants could obtain effectual relief was by pro-
ceedings in rem.

### Injunction—Jurisdiction—Attachment—Actual Service of Process.

A mere injunction which might compel all within the jurisdiction
of the court to refrain from action, could afford appellants no relief
against those upon whom they could not get actual service of process.
As their debtor was not within the jurisdiction of the court, it was
needful that they sieze on some property, choses in action, or some-
thing upon which the judgment of the court could operate.

### APPEAL FROM CRITTENDEN CIRCUIT COURT.

May 7, 1872.

OPINION BY JUDGE PETERS:

As Moore was absent and actual service of process on him not
attainable, a personal judgment against him could not be ren-
dered, and the only mode by which appellants could obtain ef-
fectual relief was by a proceeding *in rem*.

The mere injunction which might compel all within the juris-
diction of the court to refrain from action, could afford appel-
lants no relief against those upon whom they could not get
actual service, nor was it the remedy they needed, it could not
advance their rights, either as a temporary remedy or as the
final judgment of the court. Their case needed more active
remedies, as their debtor was not within the jurisdiction of the
court, it was needful for them to seize on some property, choses
in action, or some *thing* on which the judgment of the court
could operate, but the means to attain that end appellants failed
to adopt, and even in their amended petition they refrain from
asking for, or suing out an attachment; these were fatal omis-
sions which cannot be remedied after others equally meritorious
have profited by them.

Whether or not the funds in the hands of the master were
subject to be attached is a question which need not be discussed
on this appeal, for let it be decided either way, still the judgment
would not prejudice appellants, and they are not therefore inter-
ested in the question.

Judgment *affirmed*.

*James, for appellant.*